# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD APPIAH,** | Civil Action No. 17-425 (SDW) |
| Petitioner, | |
| v. | **OPINION** |
| **ORLANDO RODRIGUEZ,** | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Richard Appiah, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the Petition (ECF No. 6), to which Petitioner replied. (ECF No. 7). For the following reasons, this Court will dismiss the petition without prejudice.

**I. BACKGROUND**

Petitioner, Richard Appiah is a citizen of Ghana who applied for admission into the United States at the Mexican border in San Ysidro, California, in January 2016. (Document 2 attached to ECF No. 6). Because Petitioner was determined not to have a right to enter the United States as he was not in possession of a valid visa or travel document, Petitioner was not admitted into the United States, but was instead taken into immigration custody and placed into removal proceedings. (*Id.*). On October 27, 2016, Petitioner was ordered removed to Ghana by an immigration judge. (Document 4 attached to ECF No. 6). Petitioner appealed, and the Board of Immigration Appeals (BIA) dismissed his appeal on March 3, 2017. (Document 5 attached to ECF No. 6). Petitioner does not appear to have filed a petition for review with the Court of Appeals.

1

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner contends that his continued immigration detention violates Due Process. In order to address that claim, this Court must first determine the statutory basis for his detention. While Petitioner appears to have been originally held pursuant to 8 U.S.C. § 1225, which governs the pre-final order of removal detention of aliens who are deemed applicants for admission and have not effected an entry into the United Sates; once an alien is subject to a final order of removal his detention is instead governed by 8 U.S.C. § 1231(a). Because Petitioner's appeal was dismissed by the BIA and he is therefore subject to an administratively final order of removal as a result, he is currently detained pursuant to 8 U.S.C. § 1231(a). *See* 8 U.S.C. § 1231(a)(1)(B).

Because Petitioner is subject to an administratively final order of removal, the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas*. In *Zadvydas*, the Court observed that § 1231(a) requires the Government to detain all aliens subject to administratively final orders of removal during a ninety day statutory removal period. 501 U.S. at 683. The Court further held that the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these observations, the Court in turn determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore not violative of Due Process. *Id.* at 701. Thus, where a removable alien has been detained under § 1231(a) for less than six months following the entry of his final order of removal, his challenge must be dismissed as premature. *Id.*

In this matter, Petitioner received a final order of removal when the BIA dismissed his appeal on March 3, 2017. As fewer than six months have passed since the entry of Petitioner's final order of removal, Petitioner remains well within the six month period during which his detention under § 1231(a) must be presumed to be reasonable. *Id.* As such, Petitioner's current habeas petition is premature, and must be dismissed as such.

**III. CONCLUSION**

For the reasons expressed above, this Court will dismiss Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice as premature. An appropriate order follows.

Dated: July 5, 2017                                   *s/ Susan D. Wigenton*
                                                                          Hon. Susan D. Wigenton,
                                                                          United States District Judge